IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFERY WAYNE COOKSEY | § | |
| VS. | § | CIVIL ACTION # 4:11CV055 |
| RICK THALER | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that Petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. Petitioner has raised five written objections to the Report and Recommendation. Having made a *de novo* review of the objections, the court concludes that the findings, conclusions and recommendation of the Magistrate Judge are correct.

**I.    Dismissal Without Evidentiary Hearing, Appointment of Counsel, or Discovery**

Petitioner objects to the Magistrate Judge's recommendation that the case be dismissed without an evidentiary hearing, appointment of counsel, or ordering discovery. His objections lack merit.

Proceedings under § 2254 are governed by federal caselaw and the *Rules Governing Section 2254 Cases in the United States District Courts*, which provide for an orderly progression of cases. Under this authority, a petitioner is not entitled to a federal evidentiary hearing unless he alleges facts that, if proved, would entitle him to relief. *See Wilson v. Butler*,

1

825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988). If an evidentiary hearing is warranted, Rule 8 provides that the presiding judge shall appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006A(g). Also, Rule 6 provides that a judge may, for good cause, allow discovery under the Federal Rules of Civil Procedure.

As discussed herein in response to Petitioner's remaining objections and in the Report and Recommendation of the Magistrate Judge, Petitioner has not alleged facts that, if proved, would entitle him to relief. Thus, an evidentiary hearing is unwarranted. As such, appointment of counsel is unnecessary. And Petitioner has not shown good cause to allow discovery in this case.

II.   **Petitioner's Claims That His Invocation of the Right to Remain Silent Was Not Scrupulously Honored Lack Merit**

Petitioner also objects to the Magistrate Judge's review of his claims that his right to remain silent was not scrupulously honored. He contends: (1) the Magistrate Judge erroneously concluded he is not entitled to habeas relief on his claim of violation of the right to remain silent under *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966); and (2) the Magistrate Judge failed to consider his claim that the government commented on his choice to remain silent in violation of *Doyle v. Ohio,* 462 U.S. 610, 96 S. Ct. 2240 (1988). On *de novo* review, the court finds his claims without merit.

Petitioner maintains, first, that his conviction resulted from statements obtained after he invoked his right to remain silent in violation of *Miranda*. He asserts that evidence in the trial record supports his contention that he made an effective invocation of the right to remain silent prior to questioning by police. He further asserts that the state court ignored this evidence in reaching its conclusion that he had not successfully invoked the right prior to interrogation.

The Supreme Court has explained that an invocation of the right to remain silent must be unambiguous. *See, e.g., Berghuis v. Thompkins,* 560 U.S. 370, 381, 130 S. Ct. 2250 (2010).  In

2

order to successfully invoke the right, requiring police to suspend questioning, a defendant must state, for example, that he wishes to remain silent or that he does not want to talk with the police. *Id.* at 382. But an equivocal or ambiguous act, omission, or statement is not enough to invoke the right and cut off questioning. *Id.* Moreover, if an accused makes a statement concerning invocation of *Miranda* rights that is ambiguous or equivocal, or makes no statement, the police are not required to end the interrogation or to clarify whether the accused wants to invoke his or her *Miranda* rights. *Id.* at 381 (citing *Davis v. United States*, 512 U.S. 452, 459, 114 S. Ct. 2350 (1994)).

As the Magistrate Judge noted, the Texas Fifth Court of Appeals related the events of a hearing on Petitioner's pretrial motion to suppress statements to police on the grounds that they were obtained in violation of his right to remain silent. The state court cited the testimony of the arresting officer that Petitioner "went 'back and forth on whether he wants to decide that yes, he does want to answer the questions or, no, he doesn't.'" *Cooksey v. State*, No. 05-08-01343-CR, 2009 WL 2488509, at *1. Based on this evidence, the state court determined that Petitioner had made only an equivocal assertion that he wished to remain silent. And, because Petitioner's invocation was ambiguous, it was not sufficient to cut off the interrogation.

Petitioner contends that the state court ignored countervailing evidence in the record and, as such, its findings are unreliable. However, this claim is entirely speculative. He also seems to argue that the state appellate court and the Magistrate Judge were each obligated to convene independent evidentiary hearings to elicit the same evidence developed by the trial court during its fact-finding process, i.e., testimony related to the circumstances of his attempted invocation of *Miranda*. He is mistaken.

The court therefore agrees with the Magistrate Judge's conclusion that the state court reasonably weighed the evidence in the case and determined that Petitioner had not unambiguously invoked his right to remain silent at the time of police questioning. The court also agrees with the Magistrate Judge's determination Petitioner is not entitled to federal habeas corpus relief arising from this claim.

Next, Petitioner claims the Magistrate Judge failed to consider his allegation that the government violated the *Doyle* rule prohibiting use of a defendant's post-arrest silence for impeachment purposes. But because this issue was not asserted in the amended petition presently on review, it is not subject to the court's federal habeas corpus review. *See* Rule 2(c)(1) ("The petition must...specify all the grounds for relief available to the petitioner.")

## III.    Petitioner Procedurally Defaulted His Challenge to the Sufficiency of the Evidence

Petitioner objects to the Magistrate Judge's determination that he has procedurally defaulted his challenge to the sufficiency of the evidence supporting his conviction. Because he failed to raise this claim on direct appeal, it is only subject to the court's federal habeas review upon a showing of cause and actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 129, 102 S. Ct. 1558, 1572-73, 71 L. Ed. 2d 783 (1982). Petitioner contends that appellate counsel rendered ineffective assistance when she failed to appeal based on sufficiency of the evidence, and that this alleged ineffective assistance is sufficient cause to overcome the procedural bar.

However, the Texas Court of Criminal Appeals (CCA) ruled on an identical ineffective assistance counsel claim and determined it was without merit. Petitioner has offered no evidence to show that the CCA's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. Nor has he shown entitlement to relief because the state court's decision was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the court concludes that the claim is frivolous. *See Cantu v. Collins,* 967 F.2d 1006, 1017 (5th Cir. 1992) (holding that where issues petitioner faults appellate counsel for failing to raise on direct appeal were rejected by state and federal habeas courts, claim of appellate attorney error was "frivolous").

Because Petitioner has not shown that appellate counsel's failure to raise the insufficient evidence claim was deficient performance that might justify exercise of the court's federal habeas powers, and he asserts no other cause for the procedural default of the claim, the court agrees with the Magistrate Judge's conclusion that the claim is not subject to federal habeas review.

### IV. Petitioner's "Actual Innocence" Claim is Beyond the Scope of the Court's Federal Habeas Corpus Review

Petitioner objects to the Magistrate Judge's determination that his "actual innocence" claim is not subject to the court's federal habeas review because it was not raised in his original petition. Petitioner acknowledges that the claim was not raised in his original petition and, thus, was not subject to review pursuant to the court's Order Granting Motion to Return to Active Docket, which specified that the "Court will consider Petitioner's amended petition **to the extent that he has not raised new claims**." Docket entry #50 (emphasis added). But Petitioner argues that the claims relate back to his insufficient evidence claim, which was included in the original petition filed in this case. To the extent Petitioner contends that the court should view his new claim as a challenge to the sufficiency of the evidence, this claim has been procedurally defaulted for the reasons discussed previously.

Even construed as an actual innocence claim and not a challenge to the sufficiency of the evidence, Petitioner's claim fails. "Actual innocence means factual innocence and not mere legal

insufficiency. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish actual innocence, a petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 328 (1995)). To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, critical physical evidence—that was not presented at trial. *Schlup*, 513 U.S. at 324. Lacking a claim of constitutional error supporting a claim of actual innocence, a free-standing claim of actual innocence relevant to the guilt of a state prisoner does not state a basis for federal habeas relief. *Lucas v. Johnson*, 132 F.3d 1069, 1075–76 (5th Cir. 1998). Further, even assuming the existence of new evidence and that a bare claim of actual innocence stated a cognizable ground for federal habeas relief, the Supreme Court has stated that, even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold for such a claim would be "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

In this case, Petitioner has provided absolutely no new evidence suggesting that he is actually innocent. Rather, he merely renews the assertion that certain prior DWI convictions were improperly used to elevate the present offense to a felony. In light of the substance of Petitioner's argument, the court finds that his "actual innocence" claim is most readily construed as a challenge to the sufficiency of the indictment. As the Magistrate Judge properly noted, such a claim is not cognizable on federal habeas review. *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (holding that the sufficiency of a state indictment is not a matter for federal habeas

relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction).

V.  **Petitioner Procedurally Defaulted His Claim that Trial Counsel's Alleged Failure to Investigate and Challenge Prior DWI Convictions Used as a Sentence Enhancement Constituted Ineffective Assistance**

After a stay and abeyance in the case in order to allow Petitioner to exhaust claims in state court, the case was returned to the court's active docket for federal habeas review. However, pursuant to a March 20, 2013, Order Granting Motion to Return to Active Docket, the court's review was limited to "Petitioner's amended petition **to the extent that he has not raised new claims**." Docket entry #50 (emphasis added). Petitioner has made no attempt to establish that this order was beyond the court's discretion. Nevertheless, Petitioner's amended petition raised several claims not stated in Petitioner's original petition, including a claim that trial counsel rendered ineffective assistance when he failed to adequately investigate and challenge prior DWI convictions. Because this is a new claim, barred from federal habeas review by the court's March 20, 2013, order, the Magistrate Judge properly declined to review it.

In light of the foregoing, it is

**ORDERED** that Petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DENIED** and that the case is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this the 30th day of August, 2016.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE